UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA GONZALEZ MACIAS,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03540-DGE<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 8) |

Before the Court is Petitioner's petition for writ of habeas corpus. (Dkt. No. 8.) For the reasons discussed herein, the petition is GRANTED.

## I. BACKGROUND

### A. Factual Background

The Court incorporates the factual background of this case as laid out in its prior order. *See Macias Gonzalez v. ICE Field Office Director*, Case No. 2:26-cv-01642-DGE, 2026 WL 2150220 at *1 (W.D. Wash. Jul. 27, 2026). On July 27, 2026, the Court granted in part Petitioner's amended petition for writ of habeas corpus and ordered a new bond hearing, finding

the Immigration Judge ("IJ") abused their discretion in determining Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). *Id.* at *4. The Court found it was virtually impossible to determine if the IJ abused their discretion in finding Petitioner was a flight risk and a danger to the community because the record did not contain a copy of the IJ's decision. *Id.* The Court found Petitioner was not subject to mandatory detention under § 1226(c) and ordered Respondents to either provide Petitioner with an individualized bond hearing or release her. *Id.* at *5.

On August 7, 2026, IJ Joshua Rosen held a new bond hearing, at which Petitioner appeared pro se. (Dkt. No. 11 at 3.) IJ Rosen denied bond, finding Petitioner was a flight risk and a danger to the community. (Dkt. Nos. 11 at 3; 12-6.) On August 25, 2026, an IJ ordered Petitioner removed to Mexico. (*Id.*) On September 23, 2026, Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). (Dkt. No. 11 at 3.) Petitioner's appeal remains pending.

**B. Procedural History**

Petitioner filed the instant petition for writ of habeas corpus on October 7, 2026. (Dkt. No. 8.) Petitioner argues her continued detention violates due process and contends Respondents failed to provide her with an individualized bond determination. (*Id.* at 3.) Petitioner asks the Court to either order her release or, in the alternative, to order Respondents to provide her with a constitutionally adequate bond hearing. (*Id.*) On October 21, 2026, Respondents filed a response. (Dkt. No. 10.)

## II. LEGAL STANDARD

**A. Petition for Writ of Habeas Corpus**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241). Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'" *Aditya W. H. v. Trump*, No. 25-cv-1976, 2025 WL 1420131, at *7 (D. Minn. May 14, 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

## III. DISCUSSION

Respondents argue the petition should be denied because Petitioner has not exhausted her administrative remedies. (Dkt. No. 10 at 7–9.) For the reasons identified in its prior cases, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement. *See Barragan Jimenez v. Hernandez et al.*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 at *2 (W.D. Wash. Sept. 23, 2026) (collecting cases).

Respondents argue Petitioner's August 7, 2026, bond hearing complied with the Court's order. (Dkt. No. 10 at 5–7.) At the bond hearing, Petitioner stated she has lived most of her life in the United States and that her entire family is located here. (Dkt. No. 13 at 6:06–6:17.) If released on bond, Petitioner stated she would return home to live with her children and her mother, who is either a permanent resident or a United States citizen. (*Id.* at 6:25–7:00.) Petitioner has six children, all of whom are United States citizens. (*Id.* at 7:20–7:35.) The IJ

asked Petitioner about a March 2026 domestic battery charge, to which Petitioner responded that she had never been to court on the charge and that the Nevada court informed her sister the case was "closed" when she sought information about it. (*Id.* at 8:07–8:55.) The IJ also asked about Petitioner's 2001 arrest on similar charges, to which Petitioner responded that she plead guilty to the charge and "did everything [she] was supposed to do" to resolve the charge, including attending classes. (*Id.* at 8:55–9:33.) The IJ denied Petitioner's bond request, finding Petitioner had not established she was not a flight risk or a danger to the community. (*Id.* at 17:17–17:50.) The IJ did not explain the basis of his finding, and the IJ's written order (*see* Dkt. No. 12-6) is merely a check-box form finding Petitioner is a "Danger/Flight Risk."

This case is part of a disturbing and increasingly familiar pattern: IJ Rosen failed to provide any meaningful rationale for his decision during or after the bond hearing, and failed to consider the evidence presented at the hearing. *Barragan Jimenez* 2026 WL 2859168 at *2 (collecting cases involving various immigration judges failing to engage the evidence presented at a bond hearing). IJ Rosen "made no attempt whatsoever to identify or apply agency precedent to the evidence presented in evaluating Petitioner's eligibility for bond." *Barrera-Mendoza v. Hernandez et al.*, Case No. 2:26-cv-03280-DGE, 2026 WL 2935918 at *2 (W.D. Wash. Sept. 30, 2026). IJ Rosen abused his discretion by failing to apply the relevant factors to the evidence presented at the bond hearing and violated due process in doing so.[1] *Id.*

---

[1] In its prior order, the Court noted several factors the IJ failed to consider when evaluating risk of flight or dangerousness, including the fact that Petitioner: "(1) has never been arrested or convicted of any crime that would indicate she is a flight risk, (2) was incapable of voluntarily departing at 13 years old, (3) has lived in the United States for around 40-plus years, (4) has adult United States citizen children, and (5) has a pending I-130 petition that may make her eligible to immediately adjust status to that of a lawful permanent resident." *Macias Gonzalez* 2026 WL 2150220 at *4. The IJ in this case does not appear to have considered these factors either.

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 8) and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Respondents shall return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents (EADs).
4. Within TWENTY-FOUR (24) HOURS of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody and SHALL file a copy of the conditions of supervision.

Dated this 12th day of November, 2026.

David G. Estudillo
United States District Judge